UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


HAROLD LOUIS WOLF,

      Petitioner,

v.                                    Case No.  8:06-cv-1931-T-24TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## ORDER

      Harold Louis Wolf, through counsel, petitions for a 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. No. 1).  Wolf challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

### PROCEDURAL HISTORY

      On May 24, 2000, Wolf was charged by indictment in case 00-8098 with one count of first degree murder and one count of robbery with a firearm. Wolf was tried by a jury and found guilty as charged on both counts on September 17, 2001. On that same day, the state trial court sentenced Wolf to life in prison on count one and ordered a presentence report on count two. On October 15, 2001, the state trial court sentenced Wolf to life in prison on count two.  The sentences ran concurrent to each other. (Respondent's Exhibit 1, Record on Direct Appeal, R 93-8, 104-8).

On October 16, 2001, Wolf filed a Notice of appeal.  On April 1, 2003, the state district court of appeal heard oral argument, and on April 9, 2003, the state district court of appeal per curiam affirmed Wolf's conviction and sentence. *Wolf v. State*, 845 So.2d 200 (Fla. 2d DCA 2003).

On March 9, 2004, Wolf filed a pro se Rule 3.850 motion for post-conviction relief, raising eight grounds. (See Respondent's Exhibit 7, Motion for Post-Conviction Relief, Case No. 2D05-642).  On June 29, 2004, the state trial court summarily denied grounds 1, 3, 4, 6, and 7 and ordered the state to respond to grounds 2 and 5.  The state trial court reserved ruling on ground 8. (See Respondent's Exhibit 8, Order Denying, in Part, Motion for Postconviction Relief Pursuant to Fla. R. Crim. P. 3.850 and Order to Respond).

On July 13, 2004, the state trial court granted an evidentiary hearing on grounds 2 and 5.  The state trial court continued to reserve ruling on ground 8. (See Respondent's Exhibit 9, Order Granting Evidentiary Hearing).  The state trial court held an evidentiary hearing on October 6, 2004.  (See Respondent's Exhibit 10, Transcript of October 6, 2004 Evidentiary Hearing).  On November 17, 2004, the state trial court denied grounds 2, 5, and 8 of the Rule 3.850 motion for postconviction relief, thereby denying the Rule 3.850 motion in its entirety. (See Respondent's Exhibit 11, Order Denying Grounds 2, 5, and 8).

Wolf appealed the denial of Rule 3.850 relief on December 6, 2004.  On May 19, 2006, the state district court of appeal per curiam affirmed the denial of Rule 3.850 relief. *Wolf v. State*, 929 So. 2d 1068 (Fla. 2d DCA 2006).(See Respondent's Exhibit 15, PCA opinion Case No. 2D05-642). The mandate issued June 9, 2006. (See Respondent's Exhibit 16, Second District Court of Appeal Docket Case No. 2D05-642).

Meanwhile, on May 12, 2004, Wolf had filed a pro se Petition Alleging Ineffective Assistance of Appellate Counsel. (See Respondent's Exhibit 17, Petition for Ineffective Assistance of Appellate Counsel Case No. 2D04-2181). On December 6, 2004, the state district court of appeal denied the petition. *Wolf v. State*, 865 So.2d 1078 (Fla 2d DCA 2004). (See Respondent's Exhibit 20, Order Denying Petition Alleging Ineffective Assistance of Appellate Counsel).

Wolf filed the present federal petition for writ of habeas corpus on October 18, 2006. The petition is not timely and will be **denied.**

## PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Wolf's direct appeal was decided on April 9, 2003. *Wolf v. State*, 845 So.2d 200 (Fla. 2d DCA 2003).  Wolf's judgment became final on direct appeal 90 days after April 9, 2003, or on July 8, 2003.  The one-year limitations period began to run at that time.  Two hundred and forty-four days passed before Wolf filed a 3.850 motion for postconviction relief in the

trial court on March 9, 2004.  The running of the limitations period was tolled until June 9, 2006,  the date the mandate issued after the denial of Wolf's 3.850 motion was affirmed on appeal.  Another one hundred and thirty-one days elapsed before Wolf filed the instant federal habeas petition on October 18, 2006.

After calculating the periods of time in which the Wolf did not have any claims pending for the purpose of tolling the limitations period, it is clear that Wolf allowed 375 days to elapsed in which he had no tolling motion in state court, and that the present petition is time-barred under the AEDPA..

In his reply, Wolf argues that he should be entitled to equitable tolling because he could not determine, from the Eleventh Circuit case law, whether the entry of judgment, or the issuance of the mandate, was the event that started the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).  This argument is not persuasive. As early as 2004, in *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), the Eleventh Circuit stated that a petitioner had 90 days from the date of the entry of judgment to file a petition for writ of certiorari in the United States Supreme Court. The Eleventh Circuit reiterated the *Bond* holding in *Chavers v. Sec'y Dept. of Corrections*:

> Under the AEDPA, a state prisoner's petition for federal habeas review is governed by a one-year statute of limitations period that commences on the latest of four triggering dates. The triggering date in play here is the date on which conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari. *Bond*, 309 F.3d at 773.

. . . .

       The Supreme Court is authorized by statute to prescribe rules setting the "time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case." 28 U.S.C. § 2101(d). The Court has done so in its Rule 13, which provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13.1 (emphasis added). If Rule 13.1 is unclear about when the 90-day period begins to run, Rule 13.3 leaves no doubt. It specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Id.* at 13.3.

. . . .

       We now hold, <u>as we said in *Bond*</u>, that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A).

*Chavers*, 468 F.3d 1273-1276 (11th Cir. 2006) (emphasis added).  The Eleventh Circuit further stated that where two decisions of the Court contradict, the Eleventh Circuit follows the one earlier in time. 468 F.3d at 1275.  When counsel filed Wolf's petition, the law was clear that "that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)."

      Wolf has not alleged any extraordinary circumstances that entitle him to equitable tolling.

      Accordingly, the Court orders:

      That Wolf's petition is denied, as time-barred.  The Clerk is directed to enter judgment against Wolf and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 17, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record